IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DALLAS L. HUSTON,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>STATE OF NEBRASKA,<br><br>　　　　　　　Respondent. | 8:20CV20<br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the court on Petitioner's "Notice of Intent to File Writ of Habeas Corpus." (Filing No. 1.) The court understands Petitioner to file his "Notice" to toll the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) until he files his actual habeas petition.

　　The court hereby notifies Petitioner that it intends to characterize his pleading entitled "Notice of Intent to File Writ of Habeas Corpus" as an actual 28 U.S.C. § 2254 habeas petition. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must amend his pleading to cure the following deficiencies. First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. To that end, a copy of the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody, will be provided to Petitioner along with this order.

Finally, if Petitioner decides to allow this action to proceed, then he also must either submit the $5.00 fee to the clerk's office or submit a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this court.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **February 14, 2020,** voluntarily withdraw his pleading entitled "Notice of Intent to File Writ of Habeas Corpus" if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he shall no later than **February 14, 2020,** file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus, even those identified in his original petition.

3. Petitioner shall no later than **February 14, 2020,** submit the $5.00 filing fee to the clerk's office or submit a request to proceed in forma pauperis if he intends to pursue this matter.

4.  If Petitioner fails to respond to this order or file an amended petition, the court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5.  The clerk of the court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus").

6.  To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number.

7.  The clerk of the court is directed to set the following pro se case management deadline: **February 14, 2020**: check for (1) MIFP or payment and (2) motion to withdraw or amended habeas petition.

Dated this 15th day of January, 2020.

> BY THE COURT:
>
> *Richard G. Kopf*
> Senior United States District Judge